

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES WRIGHT, Jr.,<br><br>               Petitioner-Appellant,<br><br>  v.<br><br>ROBERT LEGRAND, Warden;<br>ATTORNEY GENERAL FOR THE<br>STATE OF NEVADA,<br><br>               Respondents-Appellees. | No.   18-16172<br><br>D.C. No.<br>3:12-cv-00286-MMD-VPC<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted October 24, 2019[**]
San Francisco, California

Before: MELLOY,[***] BYBEE, and N.R. SMITH, Circuit Judges.

---

     [*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]    The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

James Wright Jr. appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We affirm.

We review a district court's denial of a habeas petition de novo. *Hein v. Sullivan*, 601 F.3d 897, 905 (9th Cir. 2010). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), habeas relief is available only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or if the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

Wright asserts two instances of prosecutorial misconduct at trial—one during cross examination of his co-defendant and another during the rebuttal testimony of Detective Jenkins. A prosecutorial misconduct claim is successful on federal habeas review only if the conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

The Nevada Supreme Court denied the first claim of prosecutorial misconduct, because the state did not violate the district court's order prohibiting the use of the co-defendant's statement in its case in chief. Analyzing the second claim of prosecutorial misconduct for plain error (because Wright did not object to Detective Jenkins's testimony at the time it was given), the court denied the second claim, because the state did not solicit Detective Jenkins's testimony. For neither claim does Wright cite, nor do we find, any United States Supreme Court precedent that suggests the Nevada Supreme Court's decision was in error or that the alleged instances of prosecutorial misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id.*

Accordingly, neither of the rulings by the Nevada Supreme Court were "contrary to, or an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). Further, none of the complained of conduct rises to the level of a denial of due process. Therefore, the district court properly dismissed Wright's habeas petition.

**AFFIRMED.**